UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM L. CARTER,
   Plaintiff,

vs.                                                                  No. 06-1233

CHRISTINA BEASLEY, et.al.,
   Defendant.

ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 against three defendants at the Pontiac Correctional Center: Medical Technician Christina Beasley, Team Member Anabelle Motteler and Adjustment Committee Chairperson David Lingle.

     The plaintiff claims Defendant Beasley wrote a "false malicious disciplinary report" against him on May 18, 2006. (Comp, p. 11) The report accuses the plaintiff of three offenses: sexual misconduct for masturbating in front of the medical technician, giving false information to an employee and disobeying a direct order. The plaintiff says he did not commit any of these offenses and claims various due process violations.

     The plaintiff was found guilty of all three offenses in a May 26, 2006 Adjustment Committee hearing. Several disciplinary measures were imposed against the plaintiff including the loss of six months of good time credits. The plaintiff does not claim that this finding was ever overturned or expunged.

     The plaintiff has failed to state a claim upon which relief can be granted. In order for the court to determine that the actions of the defendants were unlawful, the court would have to find that the decision in the disciplinary case was invalid and based on improper motivations. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended this

1

ruling to include suits attacking intra prison disciplinary sanctions that affect the overall length of confinement. The plaintiff has demonstrated that the disciplinary proceeding resulted in the loss of six months of good time credits. Therefore, the court must dismiss this case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

The court notes that the plaintiff also states that he has earned three strikes.[1] Therefore, the plaintiff argues that he should be allowed to proceed with his case because he is in imminent danger of serious injury. The plaintiff is incorrect. The plaintiff is referring to 28 U.S.C. § 1915(g) which states that "in no event shall a prisoner bring a civil action . . . under this section . . . if the prisoner has . . . [three strikes] . . ., unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plaintiff says he is in 'imminent danger' for a variety of reasons. However, the court need not consider the plaintiff's motion to proceed *in forma pauperis* nor whether he is in imminent danger, because the plaintiff's complaint fails to meet the first basic requirement. The plaintiff must state a claim upon which relief can be granted. He has failed to do so and the court must dismiss the case.

**IT IS THEREFORE ORDERED that:**

**1) This case is dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §1915A(b), for failure to state a claim upon which relief can be granted.**

**2) Any pending motions are denied as moot. [d/e 1, 6]**

**3) This dismissal counts as another strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the plaintiff.**

**4) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory appeal fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

---

[1] *See Carter v. Mote*, 04-cv-1207; *Carter v. Mote*, 04-cv-1255; and *Carter v. Bigley*, 03-cv-0468.

**5) The plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this _13th_____ day of November, 2006.

s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE